**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 22, 2026.**

**AUBREY L. THOMAS**
**UNITED STATES BANKRUPTCY JUDGE**

---

# UNITED STATES BANKRUPTCY COURT
## Western District of Texas
## San Antonio Division

IN RE: **Darlene Whatley** , Debtor(s)

Case No.: 26−52222−alt
Chapter No.: 7

### *ORDER DISMISSING PLEADING (ECF NO. 15) FOR LACK OF COMPLIANCE WITH LOCAL RULES*

**Doc # 15 − Motion to Redeem Property of the Estate (21−Day Objection Language) filed by Daniel J. Ciment for Debtor Darlene Whatley (Attachments: # 1 Proposed Order)(Ciment, Daniel)**

**Upon consideration thereof, the court notes that the filing is deficient in the following respects:**

☐ The pleading does not include the signer's mailing address, telephone number and area code.

☐ The filing is not accompanied by the requisite form of notice.

☐ The Chapter 13 plan does not comply with Standing Order 25−03 which requires that the current District Form Chapter 13 plan be filed in all Chapter 13 cases. The debtor has seven (7) days from the date of this order to file a District Form Chapter 13 plan. Failure to comply may result in the case being dismissed without further notice. The Standing Order and District Form Chapter 13 plan may be found at http://www.txwb.uscourts.gov/official−forms−western−district−texas .

☐ The Chapter 13 Plan must have an appropriate certificate of service, which lists each party served and its address, except for those parties served by CM/ECF email (Notice of Electronic Filing).

☐ The pleading lacks the appropriate and/or no certificate of service per Local Rule 9013−1(c):

☐ (1) The certificate of service must be signed by an attorney or party (if appearing without counsel), certifying that service has been accomplished in the manner and on the date stated in the certificate and upon the parties required to be served.

☐ (2) The certificate of service must list each of the entities served and their addresses, except for those parties served by CM/ECF email (Notice of Electronic Filing).

☐ (3) With Court approval, a party may serve a summary of a pleading where the pleading is voluminous, or the number of parties to be served is excessively large. In such cases, the summary shall be filed, and the certificate of service shall be appended to the summary.

☐ (4) No certificate of service.

☐ (5) Service is insufficient on all required parties in accordance with Local Rule 9013−1(c).

☑ The negative notice language in the motion/pleading does not comply with Local Rule 9014−1(a).

☐ The negative notice language in the motion for relief does not comply with Local Rule 4001−1(a)(2).

☐ The pleading lacks the appropriate certificate of conference pursuant to Local Rules 9014−1(e) and 9014−1(f).

☐ The pleading lacks the proposed form of order attached as an exhibit to the motion, see Local Rule 9013−1(b).

☑ The pleading lacks the separately uploaded proposed order, see Local Rule 9013−1(b).

☐ The Objection to Claim is not in compliance with Local Rule 3007−1.

☐ The filing is not in compliance with the current Official Bankruptcy Form(s).

☐ An objection to exemption must be served on all parties.

☐ The filer's signature on the pleading or certificate of service is incomplete and does not comply with the *Administrative Policies and Procedures for Electronic Filing,* Section IV.B.

☐ The pleading does not comply with the requirements for filing pleadings under the *Administrative Policies and Procedures for Electronic Filing,* Section IV.B. Specifically, the pleading was improperly filed using the ECF login information assigned to another electronic filer who did not sign the Motion. The*Administrative Policies and Procedures for Electronic Filing* require that the signature on the filed document correspond to the Electronic Filer's ECF login/password or that of an authorized Filing Agent of the Electronic Filer.

☐ The document does not include a case caption as required by Fed. R. Bankr. P. 1005, 9004(b), Local Rule 9004−1.

☐ Local Rules 4001−1(b) Motions for Extensions of Stay under § 362(c)(3)(B). A party in interest seeking relief under § 362(c)(3)(B) shall file a motion styled "Motion for Extension of Stay Pursuant to § 362(c)(3)(B)." If the motion is filed within 7 days after the petition was filed, the Court will set an expedited hearing and debtor or its counsel shall give notice of the expedited hearing. If the motion is filed more than 7 days after the petition was filed, the motion must be accompanied by a separate motion for expedited hearing.

☐ The pleading requests multifarious relief and is hereby stricken pursuant to Local Rule 9013−1(a).

☐ Other(describe):

The court concludes that the filing should be dismissed without prejudice to its refiling. So **ORDERED**.

###